IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| TERI LYNN HINKLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 311-059 |
| | ) | |
| NCO FINANCIAL[1] and | ) | |
| JOHN DOES 1 THROUGH 10, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in the above-captioned case, which involves a claim brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.* On July 26, 2011, the Court screened Plaintiff's complaint in compliance with the IFP statute, 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii). (Doc. no. 4.) The Court recommended dismissal of the case for Plaintiff's failure to state a claim upon which relief can be granted. (Id.)

Although Plaintiff objected to the recommendation for dismissal, she has also submitted, simultaneously with her objections, an amended complaint that is meant to address the deficiencies in her original complaint. (Doc. no. 7.) Because Plaintiff filed her amended complaint prior to any responsive pleading, she is authorized to amend her

---

[1] As explained below, Plaintiff has submitted an amended complaint that supersedes her original complaint. Accordingly, the **CLERK** is **DIRECTED** to modify the docket to reflect the fact that her amended complaint names "NCO Financial" as a Defendant rather than "NCO Financial Systems." (See doc. no. 7.)

complaint as a matter of right. See Fed. R. Civ. P. 15(a)(1); Mayle v. Felix, 545 U.S. 644, 655 (2005) ("Before a responsive pleading is served, pleadings may be amended once as a 'matter of course,' *i.e.*, without seeking court leave." (citing Fed. R. Civ. P. 15(a))). The amended complaint will therefore supercede the original complaint in its entirety. Malowney v. Federal Collection Deposit Group, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) (recognizing that amended complaint supersedes original complaint); King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994). Accordingly, the Court's July 26, 2011 Report and Recommendation is **VACATED**, and the Court will now proceed to screen Plaintiff's amended complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).

## I. SCREENING OF AMENDED COMPLAINT

Plaintiff names NCO Financial as the sole Defendant in her amended complaint. (Doc. no. 7, p. 1.) Plaintiff alleges that she viewed a copy of her consumer report from the credit reporting agency TransUnion in May of 2011, and thereby discovered that Defendant had obtained her consumer report in May of 2010. (Id. at 2.) According to Plaintiff, she "has never had any business dealings or any accounts with, made applications for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from [Defendant]." (Id. at 3.) Plaintiff additionally states that she never consented to Defendant accessing her consumer report. (Id.) Moreover, Plaintiff reports that Defendant informed her that it was attempting to collect on a delinquent account with Capital One; however, Plaintiff avers she never had any such account. (Id.) Plaintiff maintains that Defendant therefore obtained her consumer report without any permissible purpose. (Id.) Plaintiff's amended complaint includes a demand for a jury trial. (Id. at 4.)

*Liberally* construing Plaintiff's amended complaint, the Court finds that Plaintiff has *arguably* stated a viable claim pursuant to the FCRA based on her assertion that Defendant improperly obtained her consumer report. See 15 U.S.C. § 1681b(f); Rush v. Macy's New York, Inc., 775 F.2d 1554, 1557 (11th Cir. 1995) ("Under [the FCRA,] civil liability for improper use and dissemination of credit information may be imposed only on a consumer reporting agency or user of reported information who willfully or negligently violates the FCRA." (citing 15 U.S.C.A. §§ 1681n and 1681o)); Milton v. LTD Fin. Servs., CV 210-119, doc. no. 29, p. 5 (S.D. Ga. Jan. 25, 2011) (Wood, C.J.) ("The FCRA imposes civil liability on . . . users of information that obtain credit reports of consumers for purposes not specified in § 1681b."). Accordingly, process shall issue.[2]

## II.   INSTRUCTIONS

**IT IS HEREBY ORDERED** that service of process shall be effected on Defendant NCO Financial. The United States Marshal shall mail a copy of the amended complaint (doc. no. 7) and this Order by first-class mail and request that the defendant waive formal service of the summons. Fed. R. Civ. P. 4(d). Individual defendants have a duty to avoid unnecessary costs of serving the summons, and if a defendant fails to comply with the request for waiver, the defendant must bear the costs of personal service unless good cause can be shown for failure to return the waiver. Fed. R. Civ. P. 4(d)(2). If a defendant returns the waiver in a timely fashion, it does not have to answer the complaint until sixty (60) days after the date the Marshal mailed the request for waiver. Fed. R. Civ. P. 4(d)(3). However, service must be

---

[2] In a simultaneously filed Report and Recommendation, the Court has recommended that John Does 1 through 10 be dismissed from this case.

effected within 120 days of the date of this Order, and if the defendant is not timely served, then the case may be dismissed. Fed. R. Civ. P. 4(m). Plaintiff is responsible for providing sufficient information for the Marshal to identify and locate the defendant to effect service.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon the defendant, or upon its attorney or attorneys if appearance has been entered by counsel, a copy of every further pleading or other document submitted to the Court. Except for the amended complaint, when submitting pleadings to the Clerk of Court, parties shall provide an original and one copy. Loc. R. 5.2. Plaintiff shall include with the papers to be filed a certificate stating the date a true and correct copy of any document was mailed to the defendant or its counsel. Fed. R. Civ. P. 5; Loc. R. 5.1. Every pleading shall contain a caption setting forth the name of the court, the title of the action, and the file number. Fed. R. Civ. P. 10(a). Any paper received by a District Judge or Magistrate Judge that has not been properly filed with the Clerk of Court or that fails to include a caption or certificate of service will be returned.

It is Plaintiff's duty to cooperate fully in any discovery that may be initiated by the defendant. Upon being given at least five (5) days notice of the scheduled deposition date, Plaintiff shall appear and permit her deposition to be taken and shall answer, under oath and solemn affirmation, any question that seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, <u>including dismissal of this case</u>. The defendant shall ensure that Plaintiff's deposition and any other depositions in the case are taken <u>within the 140-day discovery period</u> allowed by this Court's Local Rules.

While this action is pending, Plaintiff shall immediately inform this Court and opposing

4

counsel of any change of address. Failure to do so will result in dismissal of this case.

Plaintiff must pursue this case; if Plaintiff does not press the case forward, the Court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Loc. R. 41.1. If Plaintiff wishes to obtain facts and information about the case from the defendant, Plaintiff must initiate discovery. See generally Fed. R. Civ. P. 26 through 37 (containing the rules governing discovery and providing for the basic methods of discovery). Plaintiff should begin discovery promptly and complete it within four (4) months after the filing of the defendant's answer to the amended complaint screened herein.

Interrogatories are a practical method of discovery for *pro se* litigants. See Fed. R. Civ. P. 33. Interrogatories shall not contain more than twenty-five (25) questions. Id. Plaintiff must have the Court's permission to propound more than one set of interrogatories to a party. Discovery materials should not be filed routinely with the Clerk of the Court; exceptions include when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. If Plaintiff wishes to file a motion to compel pursuant to Fed. R. Civ. P. 37, she should first contact the attorney for the defendant and try to work out the problem; if Plaintiff proceeds with the motion to compel, she should also file a statement certifying that she has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Loc. R. 26.5.

Plaintiff must maintain a set of records for the case. If papers are lost and new copies are required, these may be obtained from the Clerk of the Court at the standard cost of fifty cents ($.50) per page.

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve her response to the motion within fourteen (14) days of its service. "Failure to respond

shall indicate that there is no opposition to a motion." Loc. R. 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that there is no opposition to the defendant's motion.

A response to a motion for summary judgment must be filed within twenty-one (21) days after service of the motion. Loc. R. 7.5, 56.1. A failure to timely respond shall indicate that there is no opposition to the motion. Loc. R. 7.5. Furthermore, each material fact set forth in the defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should the defendant file a motion for summary judgment, Plaintiff is advised that she will have the burden of establishing the existence of a genuine issue as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should the defendant's motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if she desires to contest the defendant's statement of the facts. Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine issue for trial, the consequences are these: any factual assertions made in the defendant's affidavits will be accepted as true and summary judgment will be entered against Plaintiff pursuant to Fed. R. Civ. P. 56.

SO ORDERED this 18th day of August, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE